IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VILMA ISABEL HOYOS VERGARA,<br><br>    Petitioner,<br><br>v.<br><br>SAM OLSON, KRISTI NOEM, TOM M. LYONS, PAMELA BONDI, and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Respondents. | Case No. 25 C 13095<br><br>Hon. LaShonda A. Hunt |

## ORDER

Petitioner Vilma Isabel Hoyos Vergara brings this emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that she is being unlawfully detained during the pendency of removal proceedings. For the reasons discussed below, the Court grants Petitioner's Emergency Petition for Writ of Habeas Corpus [1] as set forth herein. The Government is ordered to provide Petitioner with a bond hearing **on or before November 14, 2025 or release Petitioner from custody under reasonable conditions of supervision**. By **November 21, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge.

## STATEMENT

Petitioner, a citizen and national of Colombia, fled her home country after being targeted and receiving imminent threats to her life, and arrived at the United States border on January 30, 2024, seeking asylum. (Pet. at ¶¶ 15, 54-56; Dkt. 1). After being arrested and detained at the border, Petitioner was released on recognizance. (*Id.* at ¶ 56). Removal proceedings were initiated against her on January 31, 2024. (*Id.* at ¶ 57). Petitioner applied for asylum before a Chicago Immigration Court on April 25, 2025, and she currently has an immigration court hearing scheduled for January 11, 2027. (*Id.* at ¶¶ 59-60). Nevertheless, on October 27, 2025, Petitioner was arrested by Respondents while attending a required ICE reporting appointment. (*Id.* at ¶¶ 15, 61).

Petitioner brings two counts of violation of the Administrative Procedure Act (Counts I and II), one count of violation of the Fifth Amendment right to due process (Count III), and one count of Violation of the Immigration and Nationality Act (Count IV). (*Id.* at ¶¶ 67-86). Among other relief, Petitioner requests that this Court "[i]ssue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody; or, in the alternative, provide Petitioner with a

bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days[.]" (Id. at 17).[1] In response, the Government contends that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which was decided in September 2025, applies to this case and thus Petitioner—a foreign national who entered the United States without inspection—is not entitled to a bond hearing under Section 1226(a). (Resp. at 32; Dkt. 9). In addition, the Government argues that the Court lacks jurisdiction over the issues presented in this case pursuant to jurisdictional bars in 8 U.S.C. § 1252(a)(2)(B)(ii), (b)(9), and (g) and that those never admitted to the United States do not qualify for bond. (*Id.* at 32-33). The Government has raised these arguments in other similar cases throughout this District and across the country; they have repeatedly been rejected, and, with this Order, are rejected yet again.

Many courts have considered issues nearly identical, if not identical, to the ones presented in this case. Each has held that the petitioner is entitled to, at a minimum, a bond hearing pursuant to Section 1226(a). *See Ochoa Ochoa v. Noem et al.*, Case No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *H.G.V.U. v. Smith et al.*, Case No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Z.T. et al. v. Smith et al.*, Case No. 25 C 12802 at Dkt. 14 (N.D. Ill. Oct. 21, 2025); *Torres Maldonado v. Crowley*, Case No. 25 C 12762 at Dkt. 16 (N.D. Ill. Oct. 24, 2025). The Court has thoroughly reviewed these rulings and adopts their well-reasoned analyses and conclusions. Thus, the Government is ordered to provide Petitioner with a bond hearing **on or before November 14, 2025 or release Petitioner from custody under reasonable conditions of supervision**. By **November 21, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge. The Court will set additional case management deadlines after reviewing the joint status report.

**DATED**: November 7, 2025

**ENTERED**:

*LaShonda A. Hunt*

LaShonda A. Hunt
United States District Judge

---

[1] Unless otherwise noted, page numbers in citations to the docket reference "PageID #" in the CM/ECF header of the filing, not other page numbers in the header or footer of the document.